972 F.2d 1348
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Burton H. WOLFE, Plaintiff-Appellant,
v.
INTERNATIONAL BROTHERHOOD OF TEAMSTERS, et al., Defendants-Appellees.
 No. 91-16420.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1992.*
Decided Aug. 6, 1992.
 
 Before TANG, BEEZER and KOZINSKI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Burton H. Wolfe appeals pro se the district court's dismissal of his civil rights action. We review de novo, Kruso v. International Tel. & Tel. Corp., 872 F.2d 1416, 1421 (9th Cir.1989), cert. denied, 496 U.S. 937 (1990), and we affirm.
 
 
 3
 Wolfe initially filed this action in state court; his original complaint alleged breach of a collective bargaining agreement. After the defendants removed the action to federal court, the district court granted summary judgment on the ground that the complaint was barred by the statute of limitations and granted Wolfe leave to amend. In an amended complaint, Wolfe alleged that the DeSoto Cab Company ("DeSoto") and the International Brotherhood of Teamsters ("union") had fraudulently classified him as a "self-employed person" and had wrongfully denied him union representation and various employee benefits. Wolfe's amended complaint further alleged that the defendants had (1) violated his constitutional rights by preventing him from belonging to a labor union and depriving him of liberty and property without due process or equal protection of the law, and (2) engaged in a conspiracy to discriminate against his employment classification and remove his status as an employee of DeSoto. The district court granted summary judgment in favor of the defendants.
 
 
 4
 * Wolfe contends that the district court erred by allowing the defendants to remove the action to federal court and refusing to remand the state law claims contained in his amended complaint to state court. These contentions lack merit.
 
 
 5
 Wolfe's original complaint alleged that DeSoto and the union breached the collective bargaining agreement by failing to consider him an "employed driver" and excluding him from the collective bargaining unit. The district court correctly found that these claims were preempted by federal law because their resolution depends on an analysis of the terms of the collective bargaining agreement. See Caterpillar Inc. v. Williams, 482 U.S. 386, 394 (1987) (federal labor law preempts claims founded directly on rights created by a collective bargaining agreement, and claims substantially dependent on analysis of a collective bargaining agreement) (quotation omitted); Newberry v. Pacific Racing Ass'n, 854 F.2d 1142, 1146 (9th Cir.1988) ("preemptive force of section 301 is so powerful that it displaces entirely any state cause of action for violation of a collective bargaining agreement, and any state claim whose outcome depends on an analysis of the terms of the agreement") (citations omitted).[1]
 
 
 6
 Wolfe also argues that after dismissing the federal claims contained in his amended complaint, the district court should have remanded the remaining state claims to state court. This argument fails because the amended complaint does not contain any state claims; each count in the amended complaint expressly alleges a violation of a federal statute or the United States Constitution.
 
 II
 
 7
 Wolfe next contends that the district court erred by granting summary judgment on his 42 U.S.C. § 1983 claims on the ground that DeSoto does not act under color of state law.
 
 
 8
 Wolfe argues that DeSoto acts under color of state law because (1) "the company and the service it provides are regulated by hundreds of city ordinances, Police Code sections, and state and federal laws;" (2) by classifying certain drivers as "self-employed persons," DeSoto performed a government function; and (3) certain municipal legislation enabled DeSoto to differentiate between employees and self-employed persons. These arguments lack merit. We agree with the district court's conclusion that DeSoto did not act under color of state law in implementing the challenged classification scheme. See Gorenc v. Salt River Project, 869 F.2d 503, 504-509 (9th Cir.) (discussing the four tests for state action established by the Supreme Court), cert. denied, 493 U.S. 899 (1989).
 
 III
 
 9
 Wolfe contends that the district court abused its discretion by denying his motion to file a second amended complaint and dismissing the action without allowing Wolfe to conduct sufficient discovery. These contentions are meritless.
 
 
 10
 Wolfe sought to amend his complaint by adding several government officials as defendants. Wolfe argues that by naming these defendants he could demonstrate government complicity in the conduct of DeSoto and the union, and thus he would demonstrate that these defendants acted under color of state law. The district court correctly determined that the proposed amendment would not have cured the amended complaint's deficiencies. Accordingly, because the proposed second amendment would have been futile, the district court did not abuse its discretion by denying it. See Reddy v. Litton Indus., Inc., 912 F.2d 291, 296-97 (9th Cir.1990), cert. denied, 112 S.Ct. 332 (1991).[2]
 
 
 11
 Moreover, the district court did not abuse its discretion by granting summary judgment without allowing Wolfe to conduct additional discovery because he failed to make a sufficient showing that further discovery would have raised a genuine issue of material fact. See Klingele v. Eikenberry, 849 F.2d 409, 412 (9th Cir.1988).
 
 IV
 
 12
 The appellees request sanctions against Wolfe for bringing this appeal. This court has discretion to impose damages, even against pro se litigants, as a sanction for bringing a frivolous appeal. See 28 U.S.C. § 1912; Fed.R.App.P. 38; Wilcox v. Commissioner, 848 F.2d 1007, 1008-09 (9th Cir.1988). An appeal is frivolous if the results are obvious, or the arguments of error are wholly without merit. Id. at 1009 (citation omitted). Wolfe's appeal is frivolous. Accordingly, we impose sanctions in the amount of $250 against Wolfe.
 
 
 13
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 In his briefs on appeal, Wolfe argues at length that because the defendants engaged in fraud in order to exclude him from the collective bargaining agreement, his complaint was not preempted by federal labor law. We have considered these arguments and hold that they are meritless
 
 
 [2]
 Wolfe also argues that the district court erred by determining that his proposed second amended complaint was barred by the statute of limitations. Although the district court's order noted that the claims alleged in Wolfe's proposed second amended complaint appeared to be untimely, the district court did not rule that they were barred by the statute of limitations. Accordingly, we will not address this issue on appeal